IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEXANDRA VEEREN,<br><br>   Plaintiff,<br><br>v.<br><br>FUTURE FUN UNLIMITED, PARTY GALS, AND CHRISTOPHER GRIGGS,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11-cv-01084-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Plaintiff Alexandra Veeren has brought this diversity action under 28 U.S.C. § 1332, which grants federal courts subject-matter jurisdiction over civil cases with at least $75,000 in controversy and where the parties are citizens of different states.  After Plaintiff's initial complaint was filed, this court *sua sponte* ordered Plaintiff to show cause why her claim should not be dismissed for lack of diversity of citizenship.  (Dkt. No. 18.)  Plaintiff thereafter amended her complaint in response to the order.  (Dkt. No. 20.)  Now before the court is Defendants' motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3).  (Dkt. No. 23.)  Specifically, Defendants allege that the diversity statute's amount in controversy requirement is not satisfied because there is no factual basis for Plaintiff's claim that she was underpaid for the years 2008, 2009 and 2010.  Finding no need for oral arguments, the court decides the motion on the briefing of the parties. For the reasons below, Defendants' motion is GRANTED.

## FACTUAL BACKGROUND

### I. Employment Agreement

On or about December 20, 2001, Defendant Future Fun Unlimited ("Future Fun") entered into an employment agreement with Plaintiff Alexandra Veeren ("Employment Agreement"). The Employment Agreement stated that Veeren would be paid the higher of $13.75 an hour or 5% of her weekly commissionable sales. Additionally, Vereen would receive an added commission of 1% or 2% of her sales each month if she reached certain sales thresholds as established by Future Fun. In her complaint, Vereen alleges that under the Employment Agreement, "she was underpaid for the years 2008, 2009 and 2010, in an estimated amount of at least $40,000." Am. Compl., ¶ 13. The Defendants argue that there is no factual basis for Plaintiff's claim that she is owed $40,000 under the Employment Agreement and that as a legal certainty she cannot recover the amount sought.

### II. Sub Contract Agreement

On or about September 8, 2010, Future Fun and Vereen executed a new Sub Contract Agreement ("Sub Contract") that superseded the terms of the previous Employment Agreement. The Sub Contract modified the compensation terms and included a clause that states, "[i]f this contract is terminated by Future Fun Unlimited, Future Fun agrees to pay compensation equal to the stipulations in this contract for a period of one year following the termination." Am. Compl., ¶ 10. Vereen alleges that Defendants terminated the relationship on June 30, 2010, in violation of the Sub Contract and that she is owed $35,907 in damages as a result. Id. at ¶ 15.

**DISCUSSION**

**I.     STANDARD FOR A MOTION TO DISMISS**

There is a strong presumption in favor of the amount in controversy alleged by the plaintiff.  *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).  Notwithstanding this presumption, "merely asserting an amount in controversy equal to the minimum sum required does not entitle [plaintiff] to sue in federal court."  *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (holding that jurisdiction may not be maintained by "mere averment"). "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must show that it does not appear to a legal certainty that they cannot recover the jurisdiction amount."  *Woodmen of World Life Ins. Soc'y,* 342 F.3d at 1216.  The legal certainty standard generally is only met where liability is limited by either a contract or the law, or where there is an obvious abuse of federal court jurisdiction.  *Id.* at 1217.  When a challenge to the court's jurisdiction does arise, the "court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1)." *Paper, Allied-Indust., Chem. and Energy Workers Int'l Union v. Cont'l Carbon Co.,* 428 F.3d 1285, 1292 (10th Cir. 2005) (citations omitted).

Moreover, though not raised by Defendants, the pleading requirements in federal courts under rule Fed. R. Civ. P. 12(b)(6) require more than conclusory allegations that "do not allege the factual basis" for the claim.  *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).  Likewise, the court is not bound by a complaint's legal conclusions, deductions, and opinions couched as facts. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Under this standard, a claim need not be probable, but there must be facts showing more than a "sheer possibility" of wrongdoing.  *Id.*

## II.     DEFENDANTS' 12(B)(1) MOTION TO DISMISS

Plaintiff alleges that she is owed $40,000 in unpaid commissions between 2008 and 2010 under the Employment Agreement, and $35,907 under the Sub Contract.  Combined, these sums if supported by factual allegations would satisfy the § 1332(a) statutory requirement that the amount in controversy exceed $75,000.  While Vereen has put forward a theory as to why she is owed $35,907 under the Sub Contract, she gives no factual basis or theory to support her claim that she was underpaid $40,000 under the Employment Agreement.  "Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor. . . [and] that the jurisdictional requirement has not been 'thwarted by the simple expedient of inflating the complainant's *ad damnum* clause.'" *Gibson,* 478 F.2d at 221 (citing *Nelson v. Keefer*, 451 F.2d 289 (3d Cir. 1971)).

In *Gibson*, the plaintiff's complaint alleged the requisite amount in controversy for subject-matter jurisdiction, but made no attempt to show how the plaintiff arrived at the pleaded amount in controversy other than making general statements about lost profits and decrease in market value.  *Id.*  The Tenth Circuit held that general allegations by the plaintiff are insufficient when the defendant challenges the legal sufficiency of the complaint.  *Id.*

Here, Vereen's amended complaint merely alleges that "she was underpaid for the years 2008, 2009 and 2010, in an estimated amount of at least $40,000."  Am. Compl. ¶ 13 (Dkt. No.

20.)  In challenging Vereen's allegation, Defendants have submitted the contract under which Vereen suggests she was underpaid, an accounting of their payments to Vereen during the years at issue, and an affidavit by the company's controller that confirms the veracity of the accounting and testifies that Vereen was paid in full.  *See* Exs. to Mot. to Dismiss.  (Dkt. No. 16.)  In response, Vereen has simply restated the claim from her complaint that she was underpaid and gives no reasoning or theory that this court can look at to assess the sufficiency of her claim.  While the court gives deference to the Plaintiff's alleged matter in controversy, Plaintiff has provided nothing that would indicate even the slightest possibility that she was underpaid at least $40,000 during the years 2008, 2009 and 2010.  Thus, as in *Gibson*, where general allegations alone were insufficient to survive a motion to dismiss, plaintiff's claim that she is owed $40,000 under the Employment Agreement has no factual basis and cannot be considered when assessing whether there is sufficient matter in controversy to warrant federal subject-matter jurisdiction.  Additionally, Vereen's claim under the Employment Agreement also fails to meet the pleading requirements under Fed. R. Civ. P. 12(b)(6) for failing to allege sufficient facts to make a claim on which relief can be based.

Therefore, because Vereen's remaining complaint under the Sub Contract fails to allege the requisite jurisdictional amount, the court must dismiss the claim for want of jurisdiction.

## **CONCLUSION**

Plaintiff alleges that she is owed $75,907 by the Defendants under two separate contracts.  While she has pled facts and reasons as to why she is owed $35,907 under the Sub Contract, she has given no explanation as to how she arrived at the figure of $40,000 in unpaid commissions between 2008 and 2010.  Although there is a strong presumption in favor of the matter in

controversy alleged by the Plaintiff, "mere averments" are insufficient and the court must dismiss this case for lack of subject-matter jurisdiction.

For these reasons, the court hereby GRANTS Defendants' motion to dismiss. (Dkt. No. 23.) Plaintiff has leave to file a motion to amend her complaint, which motion should be filed on or before June 26, 2012.

DATED this 13th day of June, 2012.

BY THE COURT:

_____

Clark Waddoups
United States District Court Judge